**COMMONWEALTH of
MASSACHUSETTS,
Plaintiff,**

v.

**Neil H. PACE et al., Defendants.**

**Civ. A. No. 83–3883–G.**

United States District Court,
D. Massachusetts.

Aug. 29, 1985.

Lee P. Breckenridge, Asst. Atty. Gen., Environmental Protection Div., Boston, Mass., for Com. of Mass.

Philip J. Notopoulos, Sherburne, Powers & Needham, Boston, Mass., for W.H. Nichols.

Darragh K. Kasakoff, Worcester, Mass., for Waste Oil Co.

Laurie Burt, Foley, Hoag & Eliot, Boston, Mass., for Copus Engin. Electronics Corp.

Warren D. Hutchison, Brown, Rudnick, Freed & Gesmer, Boston, Mass., for Electronic Prods. Inc.

John Danais, pro se.

Stanley M. Brown, Brown & Nixon, Manchester, N.H., for Great Lakes Container.

Robert Mann, Harnish, MacDonald, Jenney, Mitchell & Resh, Waltham, Mass., for Peirce Bros. Oil Service.

Joan M. Licitra, Simons & Marcus, Boston, Mass., for Di-An Controls, Inc.

Roger J. Brunelle, Weinstein, Bernstein & Burwick, Worcester, Mass., for Reed & Prince Mfg. Co.

John R. Cromer, Indianapolis, Ind., for NCR, Dow Corning Corp.

Thomas F. Holt, Jr., DiCara, Selig & Holt, Louis N. Massery, Burns & Levinson, Boston, Mass., for Engelhard Corp.

Barbara Guibord, Rivkin, Leff, Sherman & Radler, Chicago, Ill., William J. Dailey, Jr., Sloane & Walsh, Boston, Mass., for Roy Bros., Inc.

Mark A. White, Boston, Mass., for Neil H. Pace Solvent Chemical Co.

Paul F. Ware, Jr., Goodwin, Procter & Hoar, Boston, Mass., for Columbia Broadcasting System.

Laurie Burt, Foley, Hoag & Eliot, Boston, Mass., for Silresim Negotiating Comm.

David K. Kertzman, Soutter & Kertzman, Wellesley, Mass., for U.S. Chemical Corp.

Frank K. Monarski, Lowell, Mass., for Union Nat. Bank.

## MEMORANDUM AND ORDERS ON DEFENDANT ROY BROTHERS, INC.'S MOTION FOR SUMMARY JUDGMENT

GARRITY, District Judge.

The Commonwealth of Massachusetts brought this action against 263 defendants on December 9, 1983 to recover its costs of investigating and cleaning up hazardous wastes at the site of Silresim Chemical Corporation ("Silresim") in Lowell, Massachusetts. According to the complaint, defendant Roy Brothers, Inc. ("Roy Brothers") transported hazardous materials to the Silresim site from 1973 until 1978. The Commonwealth seeks to recover the costs which it has incurred in cleaning up the Silresim site from Roy Brothers under six separate causes of action: 1) the Massachusetts Oil and Hazardous Material Release Prevention Act, M.G.L. c. 21E ("c. 21E"); 2) the Massachusetts Clean Waters Act, M.G.L. 21, § 27(14); 3) 1978 Mass.Acts c. 407; 4) nuisance; 5) strict liability; and 6) unjust enrichment.[1] Roy Brothers has moved for summary judgment on all of these claims. The Commonwealth has moved for summary judgment on its c. 21E claim only. After hearing argument and considering the briefs, affidavits and exhibits filed by the parties, the court denies Roy Brothers' motion in part and grants it in part. The court defers ruling on the Commonwealth's motion.

Most of the facts underlying this case are not in dispute. Silresim operated a chemical waste reclamation facility in Lowell from 1971 until it was adjudicated bankrupt in January, 1978. During this time, millions of gallons of chemicals of different types were brought to the Lowell site by Roy Brothers and other transporters for treatment and disposal. By 1978 the Commonwealth had determined that the Silresim site posed serious threats of fire, explosion and release of hazardous chemicals into the environment. There-

---

1. The Commonwealth originally brought a claim against Roy Brothers under section 107 of the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. § 9607 et seq. However, in a letter to the court dated August 2, 1985, the Commonwealth stated that it has decided not to pursue that cause of action. Therefore, Roy Brothers' motion is granted with respect to the CERCLA claim.

fore, it took emergency measures to clean up the site. As of the filing of the complaint in this case, the Commonwealth had expended $3,015,666.02 for response measures and was contractually obligated to spend an additional $100,000. According to the Commonwealth, it is likely to incur an uncertain amount of additional costs at the site to complete the clean up.

The Commonwealth has recovered $2,303,213.74 of its expenditures under settlement agreements in this case and in a state court action, *McMahon v. Silresim Chemical Corporation,* Suffolk Superior Ct. No. 38257. It continues to seek the remaining amount from the non-settling defendants, including Roy Brothers.

### M.G.L. c. 21E

The Commonwealth has alleged that Roy Brothers is liable under M.G.L. c. 21E as a transporter of hazardous waste to the Silresim site. That statute provides that

> any person who, directly or indirectly, transported any hazardous material to ... sites from or at which there is or has been a release or threat of release of such material ... shall be liable, without regard to fault, (i) to the commonwealth for all costs of assessment, containment and removal incurred pursuant to section four and section eight relative to such release or threat of release, (ii) to the commonwealth for all damages for injury to and for destruction or loss of natural resources, including the costs of assessing and evaluating such injury, destruction or loss, incurred or suffered as a result of such release or threat of release, and (iii) to any person for damage to his real or personal property incurred or suffered as a result of such release or threat of release. Except as provided in paragraph (b), such liability shall be joint and several.

M.G.L. c. 21E, § 5(a).

Roy Brothers and the Commonwealth have filed cross-motions for summary judgment on this cause of action.

2. The Commonwealth alleges that it incurred costs both before and after the c. 21E enactment

### a. *Retroactivity*

■ First, the court finds that c. 21E applies to clean up costs expended by the Commonwealth prior to the enactment of the statute on March 24, 1983.[2] We recognize that there is a presumption against the retroactive application of statutes. *Union Pacific R. Company v. Laramie Stock Yards Company,* 1913, 231 U.S. 190, 199, 34 S.Ct. 101, 102, 58 L.Ed. 179. Retroactive operation is not given to a statute "unless such be 'the unequivocal and inflexible import of the terms, and the manifest intention of the legislature.'" *Id.* We find such import in the terms of c. 21E and in the intent of the Massachusetts legislature as expressed in the emergency preamble to the Act establishing c. 21E.

■ Section 5(a) of c. 21E states that transporters of hazardous wastes are liable to the Commonwealth for all costs "incurred" as a result of the release or threat of release of such wastes. Therefore, the very terms of the statute provide for retroactive application. Section 5(a) should be compared with Section 5(e), which states the following:

> All persons liable under this section [§ 5] who are liable for a release or a threat of release for which the department incurs costs for assessment, containment and removal, shall be liable, jointly and severally, to the commonwealth in an amount up to three times their liability as set forth in this section.

M.G.L. c. 21E, § 5(e). This section, which provides for treble damages, only applies to costs that the Commonwealth "incurs" after the enactment date of c. 21E. We find that the use of the word "incurred" in Section 5(a) and "incurs" in Section 5(e) demonstrates that the Massachusetts legislature intended that the statute be applied retroactively to provide recovery for actual costs expended by the Commonwealth but

date.

prospectively only with respect to the award of treble damages.

There is strong support for the retroactive application of Section 5(a) in the emergency preamble to the act establishing c. 21E, which states:

The deferred operation of this act would tend to defeat its purpose, which is to clarify and improve the Commonwealth's capability for responding to releases of oil and hazardous material and to recover response costs from persons responsible for releases for which it has incurred such costs, therefore, it is hereby declared to be an emergency law, necessary for the immediate preservation of public health and safety.

1983 Mass.Act c. 7. The language of this preamble shows a clear intent to provide recovery for pre-enactment response costs.

Furthermore, we agree with the reasoning of the court in *United States v. Shell Oil Company*, D.Colo., 1985, 605 F.Supp. 1064, a case which held that pre-enactment response costs are recoverable under CERCLA, the federal counterpart to c. 21E. The court in *Shell Oil* stated that it would be contrary to the intent of Congress to penalize the government for responding prior to the enactment of CERCLA in those situations which were the most imminently threatening. At 1076. We think that the same analysis applies here. The Massachusetts legislature could not have intended to penalize the state for acting quickly to protect the health and safety of its citizens and the environment. Therefore, we hold that c. 21E provides recovery for pre-enactment response costs.

b. *Third-Party Defense*

The court also finds that Roy Brothers fails to meet the requirements of Section 5(c)(3). That section provides that, subject to certain limitations, a person who would otherwise be liable under Section 5(a) will not be held liable if that person can establish by a preponderance of the evidence that the damages caused by the release or threat of release of hazardous materials was caused by

(3) an act or omission of a third party other than an employee or agent of the person, or than one whose act or omission occurs in connection with a contractual relationship existing directly or indirectly, with the person, except where the sole contractual arrangement arises from a published tariff and acceptance for carriage by a common carrier by rail, if the person establishes by a preponderance of the evidence that he exercised due care with respect to the oil or hazardous material, that he took precautions against foreseeable acts or omissions of any third party and the consequences that could foreseeably result from such acts or omissions, and that he complied with all notification requirements of section seven.

M.G.L. c. 21E, § 5(c)(3).

 Because Roy Brothers as a transporter had either a direct or indirect contractual relationship with the third parties it claims are responsible for the damages, viz., the generators of the hazardous wastes and the owners and operators of the Silresim site, Roy Brothers can not assert this defense. We reject Roy Brothers' claim that the word "occurs" as used in this section of the statute means that the third-party defense is not available to a defendant who had a contractual relationship with the third party only if the contract was entered into after the enactment of c. 21E. The use of the present tense of this term signifies that the acts or omissions of the third parties must take place during the course of the contractual relationship, but has nothing whatsoever to do with the date of enactment of c. 21E.

 Roy Brothers also has failed to prove by a preponderance of the evidence, or by any evidence, that it took precautions against the foreseeable acts or omissions of the third parties or against the consequences that could foreseeably result therefrom. It is insufficient under section 5(c)(3) for Roy Brothers to prove due care in transporting the hazardous wastes to the site only. Otherwise, transporters such as Roy Brothers would not be liable if they

proved that they were not negligent. This reading of the third-party defense would undermine the strict liability provisions of c. 21E. *See Burgess v. M/V Tamano,* 1 Cir.1977, 564 F.2d 964, 982.[3] Therefore, Roy Brothers' motion for summary judgment on the c. 21E claim is denied.

### c. The Commonwealth's Motion for Summary Judgment

The court defers ruling on the Commonwealth's motion for summary judgment. To prevail on this claim, the Commonwealth must prove that Roy Brothers transported hazardous materials to Silresim and that there has been a release or threat of release of "such material." M.G.L. c. 21E, § 5(a). Roy Brothers' hauling records do not identify the nature of the materials it hauled to the Silresim site. However, they do indicate the names of the companies for whom Roy Brothers hauled materials to Silresim and the dates of the deliveries. The Commonwealth seeks to prove that Roy Brothers transported hazardous wastes to the Silresim site through the affidavit of John G. Miserlis, the president of Silresim from 1971 to 1978. In this affidavit, Miserlis states that he is familiar with the types and characteristics of wastes received by Silresim from its customers and describes the types of wastes Silresim received from the companies named in Roy Brothers' hauling records. The Commonwealth has shown that these wastes are "hazardous" under M.G.L. 21E, § 2. Finally, the Commonwealth has filed the results of a study of the Silresim site conducted by a state contractor which show that the soil and ground water were contaminated by chemicals, including those which the Commonwealth claims were shipped to Silresim by Roy Brothers.

■ The Commonwealth has presented a strong *prima facie* case of Roy Brothers' liability under c. 21E. Roy Brothers argues that summary judgment should be denied because there are questions of fact concerning whether it hauled hazardous wastes to Silresim and the amount and toxicity of that waste. However, Roy Brothers has not demonstrated that there are genuine issues of material fact as required by Rule 56(e), Fed.R.Civ.P. Roy Brothers must counter the Commonwealth's showing, by affidavits or otherwise, with specific facts indicating that there are genuine issues for trial. *Foster Medical Corp. Employees' Pension Plan v. Healthco, Inc.,* 1 Cir.1985, 753 F.2d 194, 198. This Roy Brothers has failed to do. However, before ruling with finality on the Commonwealth's motion, we will afford Roy Brothers the opportunity to make such showing as is required by Rule 56(e). Furthermore, Roy Brothers' motion pursuant to Fed.R.Civ.P. 56(f) to seek further discovery on the issue of joint and several liability under c. 21E is granted.

### The Massachusetts Clean Waters Act

■ The court grants Roy Brothers' motion for summary judgment and dismisses the Commonwealth's claim under the Massachusetts Clean Waters Act, M.G.L. c. 21, § 27(14). Section 27(14) was repealed by 1983 Mass.Acts. c. 7, § 2. According to section 9 of the 1983 act, "[n]o suit, action, cause of action or other proceeding arising under the provisions of said sections ... twenty-seven ... or the regulations adopted or orders issued thereunder, shall abate or be impaired by reason of the passage of this act." This section provides that claims filed prior to the effective date of the repeal, March 24, 1983, will survive, but does not provide that new claims can be brought under the repealed section.

### 1978 Mass.Acts c. 407

■ The Commonwealth can seek recovery from Roy Brothers under 1978 Mass. Acts c. 407. In 1978 the Massachusetts legislature passed this special act to authorize clean up measures by the Commonwealth at the Silresim site. The act provided:

> The division of water pollution control is hereby authorized and directed to take

---

**3.** The court makes no findings concerning whether Roy Brothers has proven by a preponderance of the evidence that the release or threat of release was caused by a third party or that Roy Brothers exercised due care in transporting the hazardous wastes.

all action it deems necessary to provide for the expeditious removal of accumulated hazardous wastes and chemicals at the site of the Silresim Chemical Corporation in the city of Lowell which the division finds to constitute a nuisance or a danger to public health and safety. The director of said division or his duly authorized representatives and contractors employed by said director are authorized to enter said site and to seize, and provide for the removal, destruction, neutralization, treatment and disposal of all chemicals, residues and by-products thereof, and contaminated real and personal property, which may be found at said site .... *The director and the attorney general may, through all appropriate measures, secure from all persons responsible for the accumulation of this threat, including but not limited to originators and holders of secured interests in the Silresim Chemical Corporation, the payment or reimbursement of the costs of activities required by this act.* (emphasis added)

This legislation permits the Commonwealth to recover its response costs not only from those traditionally liable, such as the shareholders and officers of Silresim, but also from the originators of the wastes[4] and holders of secured interests in Silresim. Furthermore, the act does not limit liability to those persons or entities specifically named, but extends liability to "all persons responsible for the accumulation of this threat." The Commonwealth is entitled to prove that by transporting hazardous wastes to the Silresim site, Roy Brothers was a responsible party under the act.

### Common Law Claims

The court grants Roy Brothers' motion for summary judgment on the Commonwealth's common law causes of action. We concur in the decision in *Kenney v. Scientific, Inc.,* N.J.Super.Ct. April 3, 1985,

1985 Haz. Waste Lit.Rptr 7318, 7327 (exhibit A to Roy Brothers' reply memorandum of law in support of its motion for summary judgment). In a case similar to the instant one, Judge Joelson held that transporters could not be held liable under nuisance or strict liability theories for hauling wastes to a landfill. According to the Restatement (Second) of Torts § 834, "[o]ne is subject to liability for a nuisance caused by an activity, not only when he carries on the activity but also when he participates to a substantial extent in carrying it on." The "activity" which created the nuisance in this case was carried on by the owners and operators of Silresim, who allowed wastes to seep into the environment from their facility. There is no allegation by the Commonwealth that Roy Brothers participated in allowing this release of wastes into the ground. Roy Brothers' only "activity" was the hauling of materials to the site. Therefore, Roy Brothers did not create nor contribute to the creation of a nuisance.

Similarly, the Restatement (Second) of Torts § 159 states that "[o]ne who carries on an abnormally dangerous activity is subject to liability for harm to the person, land or chattels of another resulting from the activity, although he has exercised the utmost care to prevent the harm." To be liable under the doctrine of strict liability, the damage must either result from the risk created by the activity or be a natural consequence thereof. *The Clark-Aiken Co. v. Cromwell-Wright Co., Inc.,* 1975, 367 Mass. 70, 90 n. 21, 323 N.E.2d 876. Roy Brothers could have been held liable for any injury occurring during or foreseeably resulting from its transportation of hazardous wastes. However, the release of chemicals by Silresim was not a natural consequence of the transportation of wastes. Therefore, Roy Brothers can not be held strictly liable for the acts of Silresim.

**4.** Roy Brothers argues that "originators" as used in this act means the so-called originators of Silresim Corporation. However, the act was intended to hold liable those responsible for the accumulation of wastes at the site. Therefore, it seems logical for the act to refer to the genera-

tors of such wastes. Also, if the legislative intent was as Roy Brothers contends, the act would have read "including but not limited to originators *of* and holders of secured interests in the Silresim Chemical Corporation."

Finally, because the court has found that the Commonwealth has an adequate remedy at law under c. 21E and 1978 Mass.Acts c. 407, we dismiss its claim of unjust enrichment. *See Taylor Woodrow Blitman Construction Corp. v. Southfield Gardens Company,* D.Mass.1982, 534 F.Supp. 340, 347.

*Summary and Procedural Orders*

In conclusion, the court grants Roy Brothers' motion for summary judgment with respect to the Massachusetts Clean Waters Act and the common law causes of action, but denies it in all other respects. The court defers ruling on the Commonwealth's cross-motion for partial summary judgment. Roy Brothers may file by September 30, 1985 affidavits or other evidence showing that there are genuine issues of material fact which preclude the granting of the Commonwealth's motion. The court also grants Roy Brothers' motion pursuant to Fed.R.Civ.P. 56(f) to seek further discovery on the issue of joint and several liability.